# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**
April 12, 2011

Lyle W. Cayce
Clerk

No. 10-20636
Summary Calendar

RHONDA TAYLOR, on the behalf of Kevin R. Gordon,

Plaintiff - Appellant

v.

BRAD LIVINGSTON, Executive Director, Texas Department of Criminal Justice; THE UNIVERSITY OF TEXAS MEDICAL BRANCH CORRECTIONAL MANAGED HEALTH CARE; TEXAS DEPARTMENT OF CRIMINAL JUSTICE; UNIVERSITY OF TEXAS MEDICAL BRANCH; OWEN MURRAY, Executive Director, University of Texas Medical Branch,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-2790

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This appeal arises from a suit originally filed by Rhonda Taylor on behalf of her adult son, Kevin Gordon. The district court dismissed Taylor's suit for lack of subject matter jurisdiction because she did not have standing to sue on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gordon's behalf.  Gordon refiled himself and the case proceeded to settlement. After determining that the defendants had satisfied the terms of the settlement, the district court granted their motion to dismiss Gordon's lawsuit.  Taylor appealed that dismissal.  We DISMISS the appeal.

## FACTS AND PROCEEDINGS

Kevin Gordon is an inmate of the Texas Department of Criminal Justice (TDCJ).  Rhonda Taylor is Gordon's mother and the court-appointed guardian of his person.  Taylor, proceeding *pro se*, filed suit on Gordon's behalf[1] against the TDCJ, Brad Livingston, in his official capacity as Executive Director of the TDCJ, the University of Texas Medical Branch (UTMB), and Owen Murray, in his official capacity as Executive Director of UTMB (collectively, "Defendants"). Taylor's complaint sought monetary and injunctive relief under the Civil Rights Act of 1871, 42 U.S.C. § 1983, for violations of Title II of the Americans With Disabilities Act, 42 U.S.C. § 12132 (ADA), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (RA), based on Defendants' alleged discrimination against Gordon based on his mental health disabilities.   "[I]n the interests of justice," the district court appointed counsel for Taylor.

Defendants moved to dismiss the complaint because Taylor did not have standing to sue on Gordon's behalf.  Taylor based her standing on an order from the County Court of McLennan County, Texas appointing her permanent guardian of Gordon's person and listing six powers specifically granted to her. The list does not include the authority to sue and defend on Gordon's behalf.

The magistrate judge recommended that the district court dismiss the action without prejudice under Federal Rule of Procedure 12(b)(1) for lack of subject matter jurisdiction and provide Taylor with time to refile if she could

---

[1] Taylor filed two separate suits that were consolidated by the district court.

obtain authority to sue on Gordon's behalf[2] or for Gordon to proceed on his own. No party filed an objection to the magistrate judge's report and recommendation; the district court adopted it as written. Taylor did not appeal.

Gordon, represented by Hall, filed an amended complaint. The case proceeded through motions and discovery with Gordon as plaintiff. Shortly before trial, Gordon and Defendants reached a settlement agreement. The district court documented the details of their agreement on the record. Approximately six months later, Defendants filed a motion to dismiss Gordon's suit because they had satisfied the terms of the settlement agreement. Gordon opposed the motion. The district court held a hearing on the motion and granted it. Gordon did not appeal. Taylor filed a timely notice of appeal challenging granting of that motion.

## DISCUSSION

"Federal courts have no jurisdiction . . . unless a case or controversy is presented by a party with standing to litigate." *Nevares v. San Marcos Consol. Ind. Sch. Dist.*, 111 F.3d 25, 26 (5th Cir. 1997). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (internal quotation marks omitted). For that reason, we must consider whether Taylor, a non-party to the action below, has standing to pursue this appeal. *Id.*

---

[2] The court ruled that only a guardian of Gordon's estate would have authority to sue and defend on his behalf. *Compare* Tex. Probate Code § 767 (setting forth the powers and duties of guardians of the person), *with* Tex. Probate Code § 768 (setting forth the powers and duties of guardians of the estate, which includes "bring[ing] and defend[ing] suits by or against the ward").

As noted above, Taylor did not appeal the district court's order dismissing her suit against Defendants for lack of standing to sue on Gordon's behalf. To the extent that Taylor's *pro se* notice of appeal and briefing may be construed as a belated attempt to do so, it is untimely. FED. R. APP. P. 4(a)(1)(A) ("In a civil case . . . the notice of appeal . . . must be filed with the district clerk within 30 days after . . . the order appealed from is entered."). The court cannot consider this issue.

It is clear that "[a] person who is not a party to the proceedings below generally cannot appeal the court's judgment." *EEOC v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1442 (5th Cir. 1995). "[C]ourts have granted exceptions where the non-part[y] actually participated in the proceedings below, the equities weigh in favor of hearing the appeal, and the non-part[y] ha[s] a personal stake in the outcome." *Id.*; *see also Samnorwood Indep. Sch. Dist. v. Tex. Educ. Agency*, 533 F.3d 258, 265 (5th Cir. 2008). Taylor has not shown that an exception is warranted and she has not asserted any other cognizable basis for her appeal.

## CONCLUSION

For the reasons set forth above, we DISMISS the appeal.